UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CIVIL ACTION NO. 5:19-CV-00037-TBR

PATRICIA BRUCE    PLAINTIFF

v.

MARK T. ESPER,
Secretary of the Army    DEFENDANT

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court upon Defendant Mark Esper's ("Esper") Motion to Dismiss, or Alternatively, Transfer for Improper Venue. [DN 12.] *Pro se* Plaintiff, Patricia Bruce ("Bruce"), has responded [DN 16] and Esper has replied. [DN 17.] As such this matter is ripe for adjudication. For the reasons that follow, Esper's Motion to Dismiss is **GRANTED**.

**I. Background**

Bruce filed this action alleging she was subject to discriminatory conduct based on her race, color, gender/sex, and national origin from 2011 until 2016. [DN 1 at 5.] During this time, Bruce was employed at Blanchfield Army Community Hospital ("Hospital"), located on the Fort Campbell Army installation. [*Id.* at 3.] Bruce lists the address for the Hospital as 650 Joel Drive, Ft. Campbell, KY. [*Id.*] Esper lists the same street address for Bruce's place of work but with Montgomery County, Tennessee.

Bruce alleges there was: (1) a failure to promote her; (2) unequal treatment; (3) retaliation; (4) sexual harassment; (5) assault; and (6) defamation. [*Id.* at 5.] All in violation of Title VII of the Civil Rights Act of 1964.

**II. Legal Standard**

Under Federal Rule of Civil Procedure 12(b)(3), a defendant may move to dismiss an action on the grounds that it was filed in an improper venue. Fed. R. Civ. P. 12(b)(3). "The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). "Once challenged, Plaintiff bears the burden of showing that its initial choice of venue is proper." *Sechel Holdings, Inc. v. Clapp*, 2012 U.S. Dist. LEXIS 108298, at *2 (W.D. Ky. Aug. 2, 2012) (Heyburn, J.) (citing *Crutchfield v. Santos*, 2007 U.S. Dist. LEXIS 86558, at *1 (W.D. Ky. Nov. 19, 2007) (Russell, J.)). "The Court may examine facts outside the complaint but must draw all reasonable inferences and resolve factual conflicts in favor of the plaintiff." *NHCLC-Seattle, LLC v. Kauffman*, 2013 U.S. Dist. LEXIS 174421, at *2 (E.D. Mich. Dec. 10, 2013) (quoting *Audi AG & Volkswagen of Am., Inc. v. Izumi*, 204 F. Supp. 2d 1014, 1017 (E.D. Mich. 2002)).

### III. Discussion

Esper argues the Western District of Kentucky is not the proper venue for this action pursuant to 42 U.S.C. § 2000e-5(f)(3). 42 U.S.C. § 2000e-5(f)(3) states:

> (3) Each United States district court and each United States court of a place subject to the jurisdiction of the United States shall have jurisdiction of actions brought under this subchapter. Such an action may be brought in [1] any judicial district in the State in which the unlawful employment practice is alleged to have been committed, [2] in the judicial district in which the employment records relevant to such practice are maintained and administered, or [3] in the judicial district in which the aggrieved person would have worked but for the alleged unlawful employment practice, but if the respondent is not found within any such district, such an action may be brought within the judicial district in which the respondent has his principal office. For purposes of sections 1404 and 1406 of Title 28, the judicial district in which the respondent has his principal office shall in all cases be considered a district in which the action might have been brought.

"This statutory scheme indicates that Congress intended to limit venue in Title VII cases to those jurisdictions concerned with the alleged discrimination." *Darby v. United States DOE,* 231 F. Supp. 2d 274, 277 (D.D.C 2002).

Esper argues the first provision does not apply because none of the allegations took place in the Western District of Kentucky. Bruce argues Fort Campbell is federal property and the installation address is Fort Campbell, Kentucky. She further argues that a clerk in the Middle District of Tennessee informed her that the Court did not have jurisdiction over Fort Campbell. Esper has attached the declaration of Robert G. Brundage, the Installation Geospatial Information and Service Manager for Fort Campbell. [DN 12-2.] Brundage is responsible for geospatially tracking the location of real property in and around Fort Campbell. He determined the Hospital where Bruce was employed is located in Montgomery County, Tennessee, even though it has a Kentucky mailing address. The Court agrees with Esper that the allegations took place in Tennessee and therefore, the first provision does not apply.

Esper argues the second provision does not apply because no employment records are stored in this district. The Court agrees. Esper has provided the declaration of Valerie M. S. Bartonico, Chief Human Resources Division. [DN 12-3.] Bartonico stated employment records for Bruce are located at the Hospital and the Fort Campbell Civilian Personnel Advisory Center (CPAC). Brundage determined the CPAC is also located in Montgomery County, Tennessee. Therefore, the second provision does not apply.

Finally, Esper argues the third provision does not apply because Bruce would have been promoted to a new position at the Hospital. The Court agrees. If the alleged unlawful employment practices did not occur, Bruce would have continued to be employed in some capacity at the

Hospital. The Court has already found that the Hospital is located in Montgomery County, Tennessee. Therefore, this provision does not apply.

This Court is not the proper venue to hear Bruce's claim. Therefore, the Court will not rule on Esper's other pending motions. However, the Court declines to dismiss the case. It will transfer the case to the United States District Court for the Middle District of Tennessee. The Court finds that the transfer of this case would "be in the in the interest of justice" under 28 U.S.C. § 1406(a).

### IV. Conclusion

For the above stated reasons, **IT IS HEREBY ORDERED** that Esper's Motion to Dismiss, or Alternatively, Transfer for Improper Venue [DN 12] is **GRANTED** and this case is **TRANSFERRED** to the United States District Court for the Middle District of Tennessee.

**IT IS SO ORDERED.**

**Thomas B. Russell, Senior Judge**
**United States District Court**

January 30, 2020

cc: Patricia Bruce
    538 Bumpus Mills Road
    Dover, TN 37058
    931-627-7445
    PRO SE