UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| PATRICIA BRUCE, <br><br> Plaintiff, <br><br> v. <br><br> RYAN D. McCARTHY,[1] Secretary of the Army, <br><br> Defendant. | Case No. 3:20-cv-00087 <br><br> Judge Eli J. Richardson <br> Magistrate Judge Alistair E. Newbern |

To:    The Honorable Eli Richardson, District Judge

## REPORT AND RECOMMENDATION

In this civil rights action, pro se Plaintiff Patricia Bruce alleges that, from 2011 to 2016, while employed at Blanchfield Army Community Hospital in Fort Campbell, she was discriminated against on the basis of race, color, gender, and national origin in violation of Title VII of the Civil Rights Act, 42 U.S.C. §§ 2000e–2000e-17, and also suffered slander and assault. (Doc. No. 1.) Defendant Ryan D. McCarthy, Secretary of the United States Department of the Army, has filed a motion for partial dismissal of Bruce's complaint under Federal Rule of Civil Procedure 12(b)(1), arguing that, to the extent Bruce asserts tort claims based on slander or assault, those claims are barred by sovereign immunity. (Doc. No. 13.) Bruce filed a response to McCarthy's motion to dismiss (Doc. No. 16), and McCarthy filed a reply (Doc. No. 17). For the reasons that follow, the Magistrate Judge will recommend that McCarthy's motion for partial

---

[1]     McCarthy was sworn in as Secretary of the Army on September 30, 2019. Under Federal Rule of Civil Procedure 25(d), he is automatically substituted as the defendant in this action. Fed. R. Civ. P. 25(d).

dismissal be granted and that Bruce's tort claims be dismissed without prejudice for lack of subject-matter jurisdiction.

## I.       Factual and Procedural Background

On March 6, 2019, Bruce initiated this action on her own behalf by filing a form complaint in the United States District Court for the Western District of Kentucky naming the "Hon. Mark T. Esper"—who was Secretary of the Army before McCarthy—as the only defendant. (Doc. No. 1, PageID# 1.) Bruce's complaint alleges that, while employed at Fort Campbell between 2011 and 2016, she experienced "constant sexual [and] racial harassment[,] [a]cts [that] were condoned and watched by and approved by management[.]" (*Id.* at PageID# 6.) Bruce also alleges that she was "physically assaulted twice by [t]he same person" and that she "suffer[s] from permanent medical issues[.]" (*Id.*) Bruce asserts claims against McCarthy alleging that he discriminated against her in violation of Title VII by failing to promote her, subjecting her to unequal terms and conditions of employment, sexually harassing her, defaming her, and retaliating against her. (Doc. No. 1.) In the section of the form complaint entitled "Basis for Jurisdiction[,]" Bruce checked the box for Title VII and the box for "[o]ther federal law[,]" writing "28 USC 4101[,] slander" and "18 USC 113[,] assault[.]" (*Id.* at PageID# 4.) Bruce seeks more than $11 million in compensatory damages. (Doc. No. 1.)

McCarthy filed a motion to dismiss Bruce's complaint under Federal Rules of Civil Procedure 12(b)(1), 12(b)(3), and 12(b)(6), arguing that Blanchfield Army Community Hospital lies in the Middle District of Tennessee, making venue improper in the Western District of Kentucky, and that Bruce's tort claims are barred because they fall within an exception to the United States' waiver of sovereign immunity in the Federal Tort Claims Act (FTCA) and because Bruce failed to properly exhaust those claims. (Doc. No. 13.)

Bruce filed a response to McCarthy's motion to dismiss, requesting that, if the court determined venue was improper in Kentucky, the case be transferred to the Middle District of Tennessee. (Doc. No. 16.) Bruce's response does not directly address McCarthy's argument that her tort claims are barred by sovereign immunity. Instead, Bruce states that she "wish[es] to add . . . testimony and information [regarding her assault] as a way to prove constant harassment and unfair treatment [that] was caused by . . . her race and gender." (*Id.* at PageID# 84.) Regarding her allegation of slander, Bruce states that "[a]ll of this activity was caused by racism, color bias, gender inequality, nationality/citizenship status, and a leadership that not only condoned these practices but also took part in it and covering it up." (*Id.*) McCarthy filed a reply in support of his motion arguing that the case should be transferred to the Middle District of Tennessee and interpreting Bruce's "response brief as confirmation that Plaintiff is not claiming these as actionable torts pursuant to the Federal Tort Claims Act, but is rather merely alleging wrongful conduct as evidence of her discrimination claims." (Doc. No. 17, PageID# 94.)

The Western District of Kentucky court granted in part McCarthy's motion, transferring the case to this District without addressing McCarthy's arguments for dismissal of Bruce's tort claims under Rule 12(b)(1). (Doc. No. 18.) Those arguments are now before this Court.

## II.     Legal Standard

Federal courts are courts of limited subject-matter jurisdiction and can adjudicate only those claims authorized by the Constitution or an act of Congress. *Chase Bank USA, N.A. v. City of Cleveland*, 695 F.3d 548, 553 (6th Cir. 2012). Whether the Court has subject-matter jurisdiction is a "threshold" question in any action. *Am. Telecom Co. v. Republic of Lebanon*, 501 F.3d 534, 537 (6th Cir. 2007). This reflects the fundamental principle that "'[j]urisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause.'" *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998)

3

(quoting *Ex parte McCardle*, 74 U.S. (7 Wall.) 506, 514 (1868)). Article III of the Constitution extends the federal judicial power "to all Cases, in Law and Equity, arising under this Constitution [and] the Laws of the United States," and several other categories of cases not at issue here.[2] U.S. Const. art. III, § 2, cl. 1. "The existence of consent to be sued and a waiver of sovereign immunity by the United States is a prerequisite for the exercise of subject[-]matter jurisdiction over claims brought against the United States." *Moher v. United States*, 875 F. Supp. 2d 739, 753 (W.D. Mich. 2012).

The party asserting jurisdiction bears the burden of establishing that subject-matter jurisdiction exists. *Ammons v. Ally Fin., Inc.*, 305 F. Supp. 3d 818, 820 (M.D. Tenn. 2018). A motion to dismiss under Rule 12(b)(1) for lack of subject-matter jurisdiction "may either attack the claim of jurisdiction on its face or it can attack the factual basis of jurisdiction." *Golden v. Gorno Bros., Inc.*, 410 F.3d 879, 881 (6th Cir. 2005). A facial attack challenges the sufficiency of the pleading and, like a motion under Rule 12(b)(6), requires the Court to take all factual allegations in the pleading as true. *Wayside Church v. Van Buren Cty.*, 847 F.3d 812, 816–17 (6th Cir. 2017) (quoting *Gentek Bldg. Prods., Inc. v. Sherwin-Williams Co.*, 491 F.3d 320, 330 (6th Cir. 2007)). A factual attack challenges the allegations supporting jurisdiction, raising "a factual controversy requiring the district court to 'weigh the conflicting evidence to arrive at the factual predicate that subject-matter does or does not exist.'" *Id.* at 817 (quoting *Gentek Bldg. Prods., Inc.*, 491 F.3d at 330). District courts reviewing factual attacks have "wide discretion to allow affidavits, documents and even a limited evidentiary hearing to resolve disputed jurisdictional facts." *Ohio Nat'l Life Ins. Co. v. United States*, 922 F.2d 320, 325 (6th Cir. 1990).

---

[2] For example, cases involving ambassadors, public ministers, and consuls and cases between two states or in which the United States is a party. U.S. Const. art. III, § 2, cl. 1.

**III.     Analysis**

Bruce's claims against McCarthy in his official capacity as Secretary of the Army are construed as claims against the United States, and McCarthy is therefore entitled to raise sovereign immunity as a defense. *See Sibley v. Ball*, 924 F.2d 25, 28 (1st Cir. 1991) (holding "that, when a suit against the Secretary of the Army, or the Navy, seeks a money judgment, it is in substance a suit against the United States which can be maintained only if Congress has enacted a statute waiving sovereign immunity"); *DeJesus v. Geren*, No. 3:08cv0043, 2008 WL 2558009, at *8 (M.D. Tenn. June 23, 2008) ("Because the plaintiffs' claims against Secretary Geren are brought against him in his official capacity, the claims are the same as claims against the Army or the United States itself."). Although Bruce's complaint does not expressly indicate whether she intends to sue the Secretary of the Army in his individual or official capacity, the complaint refers to former Secretary Esper by his official title and lacks any allegations concerning his individual conduct. (Doc. No. 1.) Further, the sovereign immunity defense raised in McCarthy's motion to dismiss indicates that he has interpreted Bruce's complaint as asserting official-capacity claims, and Bruce does not dispute that interpretation in her response. Bruce's claims are therefore properly construed as naming Esper in his official capacity. *See Jelks v. McDonald*, No. 2:16-cv-01639, 2017 WL 4050314, at *4 (N.D. Ala. Sept. 13, 2017) (finding that federal government defendants were sued in their official capacities where plaintiff "consistently refer[red] to them by their official titles . . . and he did not dispute Defendants' characterization of his claims as brought against them in their official capacities"); *George v. United States*, No. C2-01-579, 2002 WL 484700, at *3 (S.D. Ohio Feb. 22, 2002) (assuming that IRS employees were sued in their official capacities only where there was "no indication on the face of the complaint" or from "the 'course of [the] proceedings'" that employees had been sued in their individual capacities (quoting *Moore v. Harriman*, 272 F.3d 769, 773 (6th Cir. 2001))).

"The United States can be sued only to the extent that it has waived its sovereign immunity . . . ." *Milligan v. United States*, 670 F.3d 686, 692 (6th Cir. 2012). The FTCA includes this kind of waiver, "giv[ing] federal district courts exclusive jurisdiction over claims against the United States for 'injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission' of federal employees acting within the scope of their employment." *Levin v. United States*, 568 U.S. 503, 506 (2013) (quoting 28 U.S.C. § 1346(b)(1)). However, the FTCA's waiver of sovereign immunity for tort claims is not absolute. The Act provides "enumerated exceptions to the immunity waiver," *id.* at 507 (citing 28 U.S.C. §§ 2680(a)–(n)), one of which is known "as the 'intentional tort exception[,]'" *id.* (quoting *United States v. Shearer*, 473 U.S. 52, 54 (1985)). Under this exception, the United States retains sovereign immunity from claims "arising out of assault, battery, false imprisonment, false arrest, malicious prosecution, abuse of process, libel, slander, misrepresentation, deceit, or interference with contract rights[.]"[3] 28 U.S.C. § 2680(h). If Bruce's claims fall within the intentional tort exception, "'the [C]ourt lacks subject[-]matter jurisdiction'" over those claims, and they must be dismissed. *Milligan*, 670 F.3d at 692 (quoting *Feyers v. United States*, 749 F.2d 1222, 1225 (6th Cir. 1984)).

It is not entirely clear from her pleading that Bruce intends to assert tort claims for assault and slander against the United States. Bruce's complaint supports her allegations of "slander" and "assault" with citations to statutes that are irrelevant: 28 U.S.C. § 4101(a) defines defamation in the context of foreign judgments and 18 U.S.C. § 113 governs assaults within maritime and territorial jurisdiction. 28 U.S.C. § 4101(a); 18 U.S.C. § 113. Further, as McCarthy argues, Bruce's

---

[3]     "[T]here is an exception to this exception" when "a federal law enforcement or investigative officer engages in 'assault, battery, false imprisonment, false arrest, abuse of process, or malicious prosecution,'" *Milligan*, 670 F.3d at 695 (quoting 28 U.S.C. § 2680(h)), but the allegations of Bruce's complaint do not support the inference that anyone who assaulted her at Blanchfield Army Community Hospital was a law enforcement or investigative officer.

response to the motion to dismiss suggests that she included allegations of assault and slander in her complaint only to support her claims under Title VII. To the extent that Bruce intends to assert independent claims for assault and slander against the United States, McCarthy correctly argues that those claims fall squarely within the intentional tort exception to the federal government's waiver of sovereign immunity in the FTCA. Those claims are therefore subject to dismissal without prejudice for lack of subject-matter jurisdiction. Given that conclusion, the Court need not reach McCarthy's alternative argument that Bruce's tort claims should be dismissed for lack of subject-matter jurisdiction because Bruce failed to properly exhaust them.

## IV.        Recommendation

For the foregoing reasons, the Magistrate Judge RECOMMENDS that McCarthy's motion for partial dismissal of Bruce's complaint (Doc. No. 13) be GRANTED and that Bruce's tort claims be DISMISSED WITHOUT PREJUDICE for lack of subject-matter jurisdiction. Bruce's Title VII claims will remain pending.

Any party has fourteen days after being served with this Report and Recommendation to file specific written objections. Failure to file specific objections within fourteen days of receipt of this report and recommendation can constitute a waiver of appeal of the matters decided. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Cowherd v. Million*, 380 F.3d 909, 912 (6th Cir. 2004). A party who opposes any objections that are filed may file a response within fourteen days after being served with the objections. Fed. R. Civ. P. 72(b)(2).

Entered this 28th day of July, 2020.

ALISTAIR E. NEWBERN
United States Magistrate Judge